| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| SHERYL K. ITH (SBN 225071)<br>sith@cookseylaw.com<br>JENNIFER H. WANG (SBN 242998)<br>jwang@cookseylaw.com<br>COOKSEY, TOOLEN, GAGE, DUFFY & WOOG<br>535 Anton Blvd., 10th Floor<br>Costa Mesa, CA 92626<br>(714) 431-1100;   FAX:  (714) 431-1119<br><br>☐ *Movant appearing without an attorney*<br>☒ *Attorney for Movant* | **FILED & ENTERED**<br><br>FEB 03 2021<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY craig    DEPUTY CLERK |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

| In re:<br><br>Irene Elizabeth Arias,<br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 6:18-bk-16503-MH<br>CHAPTER: 13<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(Action in Nonbankruptcy Forum)**<br><br>DATE: 02/02/2021<br>TIME:  11:00am<br>COURTROOM: 303<br>PLACE: 3420 Twelfth Street, Riverside, CA 92501 |

**MOVANT:** Santander Consumer USA Inc.

1. The Motion was:    ☐ Opposed    ☒ Unopposed    ☐ Settled by stipulation

2. The Motion affects the following Nonbankruptcy Action:

   Name of Nonbankruptcy Action: None filed.

   Docket number:

   Nonbankruptcy court or agency where the Nonbankruptcy Action is pending:

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                                                Page 1                                                           F 4001-1.RFS.NONBK.ORDER

3. The Motion is granted under 11 U.S.C. § 362(d)(1).

4. As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

   a. ☒ Terminated as to the Debtor and the Debtor's bankruptcy estate.

   b. ☐ Modified or conditioned as set forth in Exhibit _____ to the Motion.

   c. ☐ Annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the nonbankruptcy action do not constitute a violation of the stay.

5. **Limitations on Enforcement of Judgment:** Movant may proceed in the nonbankruptcy forum to final judgment (including any appeals) in accordance with applicable nonbankruptcy law. Movant is permitted to enforce its final judgment only by *(specify all that apply)*:

   a. ☒ Collecting upon any available insurance in accordance with applicable nonbankruptcy law.

   b. ☐ Proceeding against the Debtor as to property or earnings that are not property of this bankruptcy estate.

6. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

7. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

8. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

9. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the nonbankruptcy action.

10. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice.

11. ☒ Other *(specify)*: Overage of insurance proceeds, if any, will be turned over to the Chapter 13 Trustee.

###

Date: February 3, 2021

Mark Houle
United States Bankruptcy Judge

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014    Page 2    F 4001-1.RFS.NONBK.ORDER